## STATE ex EDGINGTON v DOYLE

Ohio Appeals, 4th Dist, Adams Co

Decided May 28, 1938

M. B. Knechtley, West Union, for relator.

Herbert S. Duffy, attorney general, Columbus, and H. E. Rutledge, asst. atty. gen., Columbus, for respondent.

## OPINION

By BLOSSER, J.

In this original action in mandamus Kilby B. Edgington filed his petition against Joseph Doyle, engineer for the 9th division of the Ohio State Highway Department, in which he alleged that he was appointed by the former deputy engineer for that division in May, 1930, as a laborer-in-charge under the civil service laws of Ohio and that he continued in that position until December 6, 1936, at which time he received notice from the State Highway Department that he was temporarily laid off due to lack of work and as a matter of economy; that the lay-off was illegal and in violation of his rights as a classified civil service employe and contrary to the laws of Ohio. The relator prayed that a writ of mandamus issue commanding the respondent and his department restore relator to his legal status as a classified civil service employe, that he be certified to a pay roll and that a warrant issue to him for $1,400 as the approximate wage he would have received for the time he was illegally laid off from work. The respondent demurred to the petition on the ground that there is a defect of parties defendant.

The civil service laws of Ohio provide that "the head of a department, officer or institution in which a position in the classified service is to be filled shall notify the commission of the fact, and the commission shall certify to the appointing officer thereof the names" of those eligible for appointment and the appointing officer shall fill the position from the list of names so certified by the commission. §486-13 GC. Lay-offs and suspensions shall be made by the appointing officer. §486-17 GC. There is no provision of the civil service laws that this express power of appointment and lay-off which is vested in the appointing officer can be delegated by him to a subordinate.

An act revising the laws relating to the department of highways was enacted by the legislature in 1927. 112 O. L. 430-451. This act provides for the functions of the department of highways, the appointment by the governor of a state director of highways, the appointment by the director of certain specified assistants, etc. §1182-2 GC., which is a part of this act, is in part as follows:

"The director may appoint additional clerks and stenographers, and such other engineers, inspectors and other employes within the limits of the appropriation as he may deem necessary to fully carry out the provisions of this act; the salary of each of said employes to be fixed by the director within the limits of the appropriations made by the general assembly. * * * ".

This section constitutes the state director of highways the appointing offi-

122

cer in the matter of filling positions, making lay-offs, etc., ot employes in the classified civil service of the state highway department.

The petition alleges that the notice of the lay-off of relator was received from the State Highway Department, and this can only be interpreted as meaning from the state director of highways acting as the appointing officer for the state highway department.

Counsel for the relator urges that under the provisions of §1182 GC that the director shall appoint division deputy directors, "who shall perform such duties as may be prescribed by the director in all matters arising within the division to which such deputy is assigned", the deputy director has the power and authority to reinstate the relator. This section prescribes what the deputy director shall do. It does not authorize the state highway director to delegate to the deputy director the authority to act as the appointing officer for the state highway department.

Under the facts set forth in the petition and the law as herein set forth the director of highways is the only person that can afford the relator the relief sought and is the necessary party defendant. Under §1187 GC, the director can not be sued outside of Franklin County either as a sole defendant or jointly with others in a case of this kind.

The demurrer is sustained and the action dismissed.

McCURDY, PJ, and GILLEN, J, concur.