OHIO CIVIL SERVICE EMPLOYES ASSN. *v.* DIVISION 11 OF THE OHIO DEPT. OF HIGHWAYS ET AL.*

*Affirmed by Court of Appeals on June 3, 1971.

154

(No. 41321—Decided December 2, 1970.)

Common Pleas Court of Tuscarawas County.

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman*, for the plaintiff.

*Mr. Paul W. Brown*, attorney general, and *Mr. B. William Dunlap*, for the defendants, Division 11 of the Ohio Highway and Levi Kimball, Deputy Director of Division 11 of the Ohio Department of Highways.

*Messrs. Clayman, Jaffy & Taylor*, for remaining defendants.

LAMNECK, J. The plaintiff in this action, The Ohio Civil Service Employes Association, filed a complaint in this court on October 15, 1970, setting up two causes of action against the defendants, Division 11, Ohio Department of Highways; Levi Kimball, Division Deputy Director Ohio Department of Highways; Joint Organizing Council of Operating Engineers and Laborers Union; Carl W. Ray, Coordinator, Joint Organizing Council of Operating Engineers and Laborers Union; Thomas J. Arconti, Regional Manager, Laborers International Union of North America and as Representative of Joint Organizing Council of Operating Engineers and Laborers Union; William Grace, District Representative International Union of Operating Engineers and as Representative of Joint Organizing Council of Operating Engineers and Laborers Union; John Doe,

whose real name and address are unknown and Richard Roe, whose real name and address are unknown, in which it seeks to permanently enjoin said defendants from unlawfully interfering with the alleged contractural relationship between the plaintiff and the Deputy Director of Division 11 of the Ohio Department of Highways and for other relief.

It is alleged in the complaint that on or about April 14, 1967, the then Deputy Director of Division 11 of the Ohio Department of Highways entered into a "Basic Collective Negotiations Agreement" (later amended) with the plaintiff Association, a copy of which is attached to and made a part of the complaint, covering seven purposes set forth in Article I of the same agreement.

Article II of said Agreement reads as follows:

"The Employer recognizes the Association as the exclusive negotiating agent and representative of all classified employees and laborers in Division 11, Ohio Department of Highways, and the Association accepts the responsibility of representing the intersts of all employees in the aforesaid agency, whether or not they are members of the Association, with respect to matters concerning their employment relations with their employer. Nothing in this agreement, however, shall preclude an individual employee from representing himself or having an individual represent him in his individual employment relations matter."

The complaint further alleges that on or about October 12, 1970, the defendant, Levi Kimball as Division Deputy Director of Division 11 of the Ohio Department of Highways entered into a purported agreement with the defendant, Joint Organizing Council of Operating Engineers and Laborers Union, executed by the defendant, Thomas J. Arconti, its Regional Manager, and by the defendant, William Grace, its District Representative, which purports to recognize and acknowledge the Joint Organizing Council as a representative of said Division 11 employes who are members of the unions making up the Joint Organizing Council.

Basically the plaintiff association among other things seeks to restrain the defendant, Levi Kimball, as Deputy Director of Division 11 of the Ohio Department of Highways from recognizing the said Joint Organizing Council and its constituent unions as bargaining representatives of the classified employes of Division 11, who are members of such unions. It bases its prayer for an injunction on said Article II of its agreement with the Deputy Director of Division 11, which purports to recognize said plaintiff association "as the exclusive negotiating agent and representative of all classified employees and laborers in Division 11, Ohio Department of Highways."

The defendants, the said Joint Organizing Council and the individually named defendants except the said Deputy Director, filed a motion to dismiss this action on November 13, 1970, upon the ground that the complaint does not state a cause of action.

On November 16, 1970, the defendant, Levi Kimball, as Deputy Director of Division 11 of the Ohio Department of Highways filed a similar motion to dismiss on the same ground. Said motions to dismiss are the matters now before the court.

The plaintiff now claims that since a motion for a preliminary injunction was heard and decided by the court on October 22, 1970, on statements of counsel and some evidence, the court is now without jurisdiction to entertain said motions.

Rule 12(B)(6) of the Ohio Rules of Civil Procedure provides that a defense to an action may be made by motion on the ground of "failure to state a claim upon which relief can be granted."

Rule 12(A)(1) of the Ohio Rules of Civil Procedure provides that a "defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him." The motions to dismiss in this case are to be considered as answers under the aforesaid Rule 12(B)(6).

The record shows that this case was filed on October 15, 1970, that the defendant Levi Kimball received his summons on October 20, 1970, and his motion was filed on No-

vember 16, 1970; that the defendant, William Grace, received his summons on October 19, 1970, and his motion to dismiss was filed on November 13, 1970, and that the other defendants received a copy of their respective summons on October 16, 1970.

Under the circumstances the court finds that the respective motions to dismiss were timely filed.

On October 22, 1970, the court heard the plaintiff's motion for a preliminary injunction. At that time the court found "that the plaintiff will not suffer irreparable injury if a preliminary injunction is not granted as prayed for by the plaintiff at this time" and further ordered "that the matter of the issuance of a preliminary or permanent injunction be continued subject to the call of the court, or until this action comes on for trial on its merits."

The case was set for trial on its merits on November 17, 1970, before the filing of the motions to dismiss. On November 13, 1970, the court vacated the order to hear this case on its merits on November 17, 1970, and set the motions to dismiss for hearing.

Rule 65(B)(2) which the plaintiff has cited in support of his claim that the court under the circumstances has no jurisdiction to hear the motions to dismiss in the case, in part reads as follows:

"Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on its merits to be advanced and consolidated with the hearing of the application."

This is what the court originally ordered, but this order was vacated by the court after the motions to dismiss this action on the ground that the complaint did not state a cause of action, were filed. In doing this, the court was exercising a proper prerogative which did not contravene the aforesaid Rule 65(B)(2).

The civil service employes working under the supervision and direction of the Deputy Director of Division 11 of the Ohio Department of Highways are authorized to be employed under the civil service laws of this state under R. C. Chapter 143 and R. C. 5501.10.

R. C. Chapter 143 sets out in detail what the rights,

privileges, duties and obligations of civil service employes are. Nowhere in this chapter is there any authority for the Highway Department to change or alter these statutory provisions by agreement with a labor union or a Civil Service Employees Association. The intent of the Civil Service Laws of this state is to make such laws exclusive. They may not be enlarged or abridged by an agreement between an organization representing civil service employes of the Ohio Highway Department and the proper authority of the Ohio Highway Department.

Section 10 of Article XV of the Ohio Constitution provides:

"Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness, to be ascertained, as far as practicable by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

Under this section of the Constitution and the laws enacted pursuant thereto, labor unions or employe associations have no function which they may discharge (except as provided by R. C. 9.41) in connection with civil service appointees. (See *Hagerman* v. *Dayton*, 147 Ohio St. 313 at page 328.)

The court in *Hagerman* v. *Dayton, supra*, made the comment at page 329:

"The laws of this state * * * cover fully all questions of wages, hours of work and conditions of employment affecting civil service appointees. * * * There is no authority for the delegation either by * * * (the appointing authority) or the civil service appointees of any functions to any organization of any kind. Each tub must stand on its own bottom. The law provides for the election and appointment of officials whose duties would be interfered with by the intrusion of outside organizations. Nothing said herein is intended to limit free speech, but is intended to limit interference by organizations with the duties of the duly elected and appointed officials."

Even if the Ohio Department of Highways has authority to enter into an agreement with the Ohio Civil Ser-

vice Employees Association such as set out in the complaint, there is a serious question whether a Deputy Director of a Division of the Department of Highways may do so.

R. C. 5501.10 specifies that "the director of highways may appoint additional clerks and stenographers, and such other engineers, inspectors, technicians, and other employes as are necessary to carry out" * * * (his duties under specified sections of the Revised Code).

R. C. 5501.06 provides that "the director may appoint and assign to each division a deputy director of highways. Each division deputy * * * shall * * * perform such duties as prescribed by the director."

"The director may establish, equip, and staff an office in each division for the use of the division deputy."

It has been held that similar sections do not authorize the State Director of Highways to delegate to a Deputy Director power to enter into an agreement with a State Civil Service Employes Association for the Civil Service Employes under his supervision and control such as the one in controversy in this case. (See *State* v. *Doyle*, 29 Ohio Law Abs. 120.)

There is no law prohibiting a civil service employe from joining a labor union or a State Civil Service Employes Association. In fact there is an implied authority that he may do so under R. C. 9.41 which in part reads as follows:

"Notwithstanding R. C. 1321.32, the state of Ohio and any of its political subdivisions or instrumentalities may checkoff on the wages of public employees for the payment of dues to a labor organization or other organization of public employees upon written authorization by the public employee. Such authorization may be revocable by written notice upon the will of the employee."

The Director of Highways may recognize a labor union or a State Civil Service Employes Association for this purpose. (See 1967 O. A. G. Opinion No. 67-083.)

R. C. 143.27 covers the tenure of office, reduction, suspension, removal and demotion of civil service employees. This section does not prevent a civil service employe from

joining a labor union or State Civil Service Employes Association. Such an employe may join one or more of such organizations. A review of these statutes indicates that the State Department of Highways, or the Deputy Director of a Divisional Office of the Highway Department may not enter into a contract with a labor union or a Civil Service Employers Association as a bargaining agent establishing contract terms on wages, hours, working conditions and other conditions of employment.

The Director of the Ohio Division of Highways or the Deputy Director of a Division of the Ohio Department of Highways appointed under the provision of R. C. 5501.06, may enter into informal discussions and presentation of positions with a labor union, a State Civil Service Employes Association or an unorganized group of civil service employes or a single employe, for the purpose of establishing harmonious relationships between civil service employes of the Highway Department and the Highway Department, but neither may make a binding agreement to do so to the exclusion of a labor union, other groups of civil service employes or a single civil service employe.

The court therefore finds both motions to dismiss on the ground that the complaint does not state a cause of action are well taken, and judgment is rendered accordingly. Exceptions noted.